1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                       NORTHERN DISTRICT OF CALIFORNIA

7

8    CRAIG STEPHEN SHIPLEY,                      No. C 12-5041 SI (pr)

9              Petitioner,                       **ORDER DENYING PETITION FOR
                                                 WRIT OF HABEAS CORPUS AND
10         v.                                    DENYING CERTIFICATE OF
                                                 APPEALABILITY**
11
     GARY SWARTHOUT, Warden,
12
               Respondent.
13
     _____/
14

15                              **INTRODUCTION**

16         Craig Stephen Shipley filed this pro se action seeking a writ of habeas corpus under 28

17   U.S.C. § 2254.  The matter is now before the court for consideration of the merits of the habeas

18   petition.  For the reasons discussed below, the petition will be denied.

19

20                              **BACKGROUND**

21         Shipley pleaded guilty to two counts of robbery and two counts of attempted robbery in

22   Santa Clara County Superior Court.  The trial court found true a prior conviction alleged as

23   serious felony and a strike prior.  On November 4, 2010, Shipley was sentenced to 20 years and

24   8 months in state prison.

25         Shipley appealed.  His conviction was affirmed by the California Court of Appeal and his

26   petition for review was denied by the California Supreme Court.

27         Shipley then filed this action, seeking a writ of habeas corpus.  On October 12, 2012, this

28   court issued an order to show cause on the claim that Shipley's right to due process was violated

**United States District Court**
For the Northern District of California

based on his assertion that "a bare guilty plea to 'breaking an entering' is insufficient evidence where appellant did not specifically admit the additional facts alleged in the information that are necessary to elevate 'breaking and entering' to a residential burglary." Docket #1-1, p.2. Respondent filed an answer and Jones filed a traverse.

The following factual background is taken from the order of the California Court of Appeal:

> On March 20, 2009, defendant entered a Bank of America on Berryessa Road. Based on defendant's appearance and actions, bank employees suspected him of "casing" the bank. However, he left the bank after talking to a teller. He entered an occupied vehicle and drove away. On March 31, 2009, defendant entered a Wells Fargo Bank on North Capitol Avenue, approached a teller window, and presented a note demanding money with no dye packs or transponders. He lifted his shirt and the teller saw the handle of a gun. The teller gave defendant more than $13,000, and defendant left the bank. On April 4, 2009, defendant entered a Wells Fargo Bank on South Milpitas Boulevard and displayed a note to a teller demanding money. Defendant also orally demanded money from the teller. The teller activated an alarm and ducked under the counter. Defendant then demanded money from other tellers. When they did not comply, defendant fled. Later that same day, defendant entered a U.S. Bank inside a Safeway Store on Hamilton Avenue. He displayed a note to a teller that demanded money and indicated he was armed. The teller gave defendant $789, all the money in the teller's drawer. Defendant said that he had a gun and that he wanted the $100 bills. The teller told defendant that he would need to go into the vault. After the teller went into the vault and locked himself inside it, defendant fled. [FN2]

> FN2. The facts underlying defendant's conviction are taken from the probation report.

> Defendant was arrested on April 10, 2009, for a parole violation. He admitted to police his participation in the two bank robberies and the two attempted robberies. He was charged by information with two counts of second degree robbery (counts 2 & 4) and two counts of attempted second degree robbery (§§ 664, 211, 212.5, subd. (c); counts 1 & 3). [FN3] The information further alleged that defendant had a prior serious felony conviction (§ 667, subd.(a)), and two prior strikes (§§ 667, subds. (b) – (I), 1170.12), and that he had served two prior prison terms (§ 667.5, subd. (b)).

> FN3. The information also included similar allegations as to Robert James Markrell, who is not a party to this appeal.

> On February 19, 2010, the prosecutor amended the information to add a second prior serious felony conviction allegation against defendant. Defendant entered guilty pleas to counts 1 through 4, and admitted "the strike prior allegation out of Santa Clara County for arson," "the Prop 8 prior pursuant to PC 667(a) as it relates to the arson," and "the two prison priors that are alleged." He requested "a court trial as it relates to the strike prior from North Carolina" and the "corresponding Prop 8 prior pursuant to PC 667(a)."

> *The Trial on the Prior*

> On April 1, 2010, the prosecutor filed a memorandum alleging that defendant's North

Carolina conviction for breaking and entering qualifies as a prior serious felony in California.  Attached to the memorandum was a copy of section 14-54 of the General Statues of North Carolina.  In relevant part of the North Carolina statute states: "(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon. [¶]...[¶] (c) As used in this section, 'building' shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structures designed to house or secure within it any activity or property."

At the court trial on the prior, the prosecutor submitted the following documents: (1) a State of North Carolina "Judgment suspending sentence – felony," dated November 28, 1995, stating in part that defendant "pled guilty to" "breaking & entering," a felony, pursuant to "G.S. No. 14-54," and was granted probation; (2) an "Information" filed November 28, 1995, in the Onslow County, North Carolina court, alleging in part that defendant "unlawfully, willfully and intentionally did break and enter a building occupied by Ernest Mobley used a [sic] residence located at [a specified address] with the intent to commit a larceny, felony therein" pursuant to "G.S. 14.54"; and (3) an Onslow County "warrant for arrest" of defendant dated October 11, 1995, stating that there was "probable cause to believe that" defendant had committed "felonious breaking and entering [G.S. 14-54(a)]" in that on September 25, 1995, defendant "did lawfully, willfully and feloniously break and enter a building occupied by Ernest Mobley used as a residence located at [a specified address] with the intent to commit a felony therein: larceny."

Defense counsel objected to the warrant for arrest being admitted into evidence, arguing that it is not a part of the record of conviction.  The court stated that it needed to reread the case authority on "what the Court could consider," but that the document was "otherwise acceptable at this time.  I'll admit it" subject to defendant's motion to strike.

After submitting the matter, the prosecutor argued "[t]he documents that the People have provided in this case indicate that there was a breaking and entering.  Our code section here requires an entering.  The documents again handwritten in North Carolina indicate that the building that is the subject of the crime for which defendant was convicted was a building occupied with the victim named and used as a residence.  The code section in California requires that it be an inhabited building. [¶] And finally, 14-54 North Carolina requires that there be an intent to commit a felony or a larceny.  Our statute here, of course, as the Court knows, also refers to either the stealing or taking away of items or the committing of a felony.  I would indicate that in North Carolina, the statute is clear that a larceny is a felony, regardless of the amount of the stolen items."

Defense counsel argued that the North Carolina statue "is far broader than our residential burglary statute" because a "'building' can be an uninhabited house; it can be a building under construction; it can be a building within the curtilage of the dwelling house; or it could be any other structure designed to house or secure within it any activity or property."  Defense counsel further argued that "the Information should not be used as evidence of the specific facts in our case."

The court continued the matter to May 7, 2010.  At the continued hearing, the court ruled in relevant part: "[T]he truth of an allegation made pursuant to Section 667(a) that the defendant was convicted of a serious felony in a foreign jurisdiction may be determined on the basis of the entire record of the prior conviction in the same manner that the truth of an allegation that the defendant suffered a prior California conviction of a serious felony may be determined."  "Obviously, if it applies to the 667(a) situation, it applies to a strike. [¶] In going back and looking at this particular strike out of or alleged strike, I should say, out of the State of North Carolina, the defendant was charged by way of an

3

Information filed on November 28th, 1995, breaking and entering a residence I think occupied by Mr. Mobl[e]y or – I'm sorry, a building used as a residence located at the address with the intent to commit a larceny, felony, thereafter. And the defendant by way of plea acknowledged the truth of the allegation permitted by this Court to consider, which is that he admitted the minimum elements that were on the Information by way of the plea entered in this case, and the People have provided that particular information on the – on the judgments – suspending judgment on this case where it showed he had probation for three years." "I'm finding in this particular case that this prior is true, and I'm entering that as the Court's verdict on this particular court trial as to this particular prior conviction. [¶] I'm finding that the minimum elements of a California prior are established by showing this is a building, that it was occupied and used as a residence, and that it was done with the intent to commit a felony or larceny inside of the residence. And I believe that under California law, that is the minimum element. So I'm sustaining and finding true that particular felony."

Cal. Ct. App. Opinion, pp. 2-6; Ans. Ex. 3.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this habeas action for relief under 28 U.S.C. § 2254. 28 U.S.C. § 1331. This action is in the proper venue because the challenged conviction occurred in Santa Clara County, California, within this judicial district. 28 U.S.C. §§ 84, 2241(d).

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The parties do not dispute that the state judicial remedies were exhausted for the claims in the petition.

## STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.* at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

I.    Due process claim based on insufficient evidence

Shipley claims that the trial court violated his Fourteenth Amendment right to due process when it found that his North Carolina prior conviction for breaking and entering into a building was a serious felony under California law because his "bare guilty plea to breaking and entering" did not specifically admit the additional facts that were necessary to elevate breaking and entering to a residential burglary.  (Pet. 6-7, Attach. 2-7.)

1    The Due Process Clause "protects the accused against conviction except upon proof

2    beyond a reasonable doubt of every fact necessary to constitute the crime with which he is

3    charged." *In re Winship*, 397 U.S. 358, 364 (1970).  A state prisoner who alleges that the

4    evidence in support of his state conviction cannot be fairly characterized as sufficient to have

5    led a rational trier of fact to find guilt beyond a reasonable doubt therefore states a constitutional

6    claim, *see Jackson v. Virginia*, 443 U.S. 307, 321 (1979), which, if proven, entitles him to

7    federal habeas relief, *see id.* at 324.  *See, e.g., Wigglesworth v. Oregon*, 49 F.3d 578, 582 (9th

8    Cir. 1995) (writ granted where Oregon procedure of allowing lab reports regarding drug analyses

9    to be admitted into evidence without authenticating testimony relieved state of its burden to

10   prove beyond reasonable doubt all elements of crime charged); *Martineau v. Angelone*, 25 F.3d

11   734, 739-43 (9th Cir. 1994) (writ granted where evidence found insufficient to convict

12   defendants of child abuse based on delay in seeking medical care for child).

13   A federal court reviewing collaterally a state court conviction, as in the case at bar, does

14   not determine whether it is satisfied that the evidence established guilt beyond a reasonable

15   doubt.  *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992), *cert. denied*, 510 U.S. 843 (1993).

16   The federal court "determines only whether, 'after viewing the evidence in the light most

17   favorable to the prosecution, any rational trier of fact could have found the essential elements

18   of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Jackson*, 443 U.S. at 319).  Only if no

19   rational trier of fact could have found proof of guilt beyond a reasonable doubt, has there been

20   a due process violation.  *Jackson,* 443 U.S. at 324; *Payne*, 982 F.2d at 338; *Miller v. Stagner,*

21   757 F.2d 988, 992-93 (9th Cir.), *amended*, 768 F.2d 1090 (9th Cir. 1985), *cert. denied*, 475 U.S.

22   1048, and *cert. denied*, 475 U.S. 1049 (1986); *Bashor v. Risley*, 730 F.2d 1228, 1239 (9th Cir.),

23   *cert. denied*, 469 U.S. 838 (1984).

24   The state appellate court denied this claim, finding that the trial court properly determined

25   Shipley's prior conviction was a serious felony under California Law:

26       Defendant contends that the court erred in admitting the North Carolina arrest warrant
         into evidence at the trial on the North Carolina prior.  He argues that the arrest warrant
27       is not considered part of the "record of conviction" for purposes of proving the facts
         underlying the prior.  He further contends that the evidence presented at the trial on the

28

                                        6

prior was insufficient to support the court's finding that the prior qualifies as a serious felony for purposes of California's Three Strikes law. He argues that "there is simply no substantial evidence from which to conclude that [his] prior conviction qualifies as a [conviction for] residential burglary" in California.

The Attorney General contends that an arrest warrant is part of the record of conviction, because the record of conviction includes all items that could have been used on appeal from that prior conviction if they were relevant to issues raised on appeal. The Attorney General further contends that the North Carolina conviction was the equivalent to a California conviction for first degree burglary, which is a serious felony. (§ 1192.7, subd. (c)(18).)

To qualify as a prior serious felony conviction under California's Three Strikes law, a conviction from another jurisdiction must involve conduct that would be a serious felony if committed in California. (*People v. Avery* (2002) 27 Cal.4th 49, 53 (*Avery*); §§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) In determining whether a conviction from another jurisdiction is a prior serious felony conviction, "the trier of fact may consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted involved the conduct which satisfies all of the elements of the comparable California serious felony offense." (*People v. Myers* (1993) 5 Cal.4th 1193, 1195.) Thus, the trier of fact may consider both the legal elements of the crime and the actual conduct, as revealed by the record of conviction. (*People v. Woodell* (1998) 17 Cal.4th 448, 453; *Avery*, *supra*, 27 Cal.4th at p. 53.)

Only when the record does not disclose any of the facts of the prior offense does a presumption arise that the prior conviction was for the least offense punishable under the law of the convicting state. (*People v. Mumm* (2002) 98 Cal.App.4th 812, 816 (*Mumm*); *People v. Guerrero* (1998) 44 Cal.3d 343, 354-355 (*Guerrero*).) If we determine the prior conviction could have been based on acts not specified in section 1192.7, subdivision (c) as a serious felony, "then, as a matter of the sufficiency of the evidence, the least offense punishable was not a serious felony, and the prior conviction may not be used to impose a sentence pursuant to the Three Strikes law." (*People v. Cortez* (1999) 73 Cal.App.4th 276, 280.)

"'When as here, a defendant challenges on appeal the sufficiency of the evidence to sustain the trial court's finding that the prosecution has proven all elements of the [prior serious felony] enhancement, we must determine whether substantial evidence supports that finding. The test on appeal is simply whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the enhancement beyond a reasonable doubt.' [Citation.] In making this determination, we review the record in the light most favorable to the trial court's findings. [Citation.]" (*People v. Rodriguez* (2004) 122 Cal.App.4th 121, 129 (*Rodriguez*).)

In North Carolina, any person who "breaks or enters any building with intent to commit any felony or larceny therein" commits the crime of breaking and entering. (N.C. Gen.Stat. 14-54(a).) The difference between the burglary and breaking and entering in North Carolina is the time of day in which the crime occurs; burglary in the first degree is the breaking and entering during the nighttime of an occupied dwelling house or sleeping apartment of another with intent to commit a felony therein, and burglary in the second degree is breaking and entering during the nighttime of an unoccupied dwelling house or sleeping apartment of another with intent to commit a felony therein. (N.C. Gen.Stat. 14-51; *State v. Jolly* (N.C. 1979) 254 S.E.2d 1, 5; *State v. Barts* (N.C. 1986) 343 S.E.2d 828, 843.) The offense of felony breaking and entering need not occur at

night, and it involves both inhabited and uninhabited dwellings. Thus, in North Carolina, the statutory offense of felonious breaking and entering is a lesser included offense of both burglary in the first and burglary in the second degree. (*Jolly*, *supra*, at p. 5; *State v. Cox* (N.C. 1972) 187 S.E.2d 785, 788; *State v. Wilson* (N.C. 1985) 337 S.E.2d 470, 474.)

In California, first-degree burglary is a serious felony and a strike offense. (§§ 1192.7, subd.(c)(18); 667, subd. (d)(1); 1170.12 subd. (b)(1).) First-degree burglary, as defined in section 460, as "[e]very burglary of an inhabited dwelling house." Similar to North California, burglary in California is defined as entering a building "with intent to commit grand or petit larceny or any felony." (§ 459; see also *Rodriguez*, *supra*, 122 Cal.App.4th at p. 132-133.) The North Carolina breaking and entering statute differs from California's first-degree burglary statute in that North Carolina does not require a dwelling to be inhabited for felonious breaking or entering, while the California statute requires a defendant to have entered into "an inhabited dwelling house" (§ 460) for first-degree burglary. Therefore, the North Carolina statute is much broader than the California statute and breaking and entering in North Carolina is not necessarily first-degree in California. Accordingly, we must look to the record of the North Carolina conviction to determine the facts of the offense defendant actually committed.

Defendant's prior breaking and entering conviction occurred by guilty plea in North Carolina. The evidence submitted at the hearing consists of an arrest warrant, Information, and Judgment. Other than the information on the warrant and Information, there is no information describing the facts of the offense. "[A]n arrest warrant is merely the instrumentality which authorizes taking the accused into custody in order that he may be required to respond to the accusations made against him in [a] pleading." (*People v. Rivera* (1986) 186 Cal.App.3d 251, 254.) Therefore, the accusations in the warrant cannot be relied on for their truth, and the arrest warrant should not have been admitted into evidence over defendant's objection. However, there is nothing in the trial court's ruling indicating that it relied on the information in the arrest warrant when making its findings on the prior, even though it did not explicitly strike the warrant after admitting it into evidence.

The Information is considered part of the record of conviction and facts stated in the Information may be considered by the factfinder when determining the substance of the prior conviction, including to prove allegations which do not constitute elements of the crime. (*People v. Harrell* (1989) 207 Cal.App.3d 1439, 1443-1444; *People v. Hayes* (1992) 6 Cal.App.4th 616, 621-624 (*Hayes*); *People v. Houck* (1998) 66 Cal.App.4th 350, 355.)

In this case, the Information alleged that defendant "did break and enter a building occupied by Ernest Mobley used a [*sic*] residence... with the intent to commit a larceny, felony therein" within the meaning of "G.S. No. 14.54." The reference to the building as an "occupied... residence" shows that defendant entered an "inhabited dwelling house" with the intent to commit a felony. (§ 460.) The Judgment states that defendant "pled guilty to" felony "breaking & entering" pursuant to "G.S. No. 14-54," the same day the information was filed, and was granted probation. "[W]here a defendant enters a guilty plea constituting his voluntary admission he committed the acts alleged in the indictment [or Information], such plea unequivocally establishes the particular elements alleged were both raised and resolved." (*Hayes*, *supra*, 6 Cal.App.4th at p. 623, italics omitted; see also *Guerrero*, *supra*, 207 Cal.3d at pp. 345, 356.) Consequently, the allegations in the Information, together with the information in the Judgment indicating the guilty plea, were sufficient to establish that defendant admitted having committed in offense that would constitute a first degree burglary in California. (*Mumm*, *supra*, 98 Cal.App.4th at

8

p. 816; *Rodriguez, supra*, 122 Cal.App.4th at pp. 132-133.)  His prior North Carolina conviction, therefore, constituted a serious felony under section 1192.7, subdivision (c)(18), and a strike.  Substantial evidence supports the trial court's finding as to the North Carolina prior, and the court properly imposed the section 667, subdivision (a) enhancement for the prior.

Cal. Ct. App. Opinion, pp. 6-10.

Viewing the evidence here in the light most favorable to the prosecution, it is clear that a rational trier of fact could have found that Shipley's prior conviction qualified as a serious felony.  In California, first-degree burglary – a serious felony and a strike offense – is defined as "[e]very burglary of an inhabited dwelling house."  See supra at 8.  The trial court was permitted to consider the entire record of conviction to determine the substance of the prior foreign conviction, which included the "Information" and judgment.  Id.  The Information charged Shipley with breaking and entering a building used as a residence and occupied by Ernest Mobley, with the intent to commit the felony of larceny.  (Clerk's Transcript ("CT") at 240; Trav. Ex. A.)  The judgment document shows that Shipley pleaded guilty to the crime as charged and that there was no plea arrangement.  (CT at 242; Trav. Ex. B.)  These two documents show the same defendant, the same case number, the same criminal charge, the same date of offense, and the same victim.  This evidence was sufficient for the trial court to determine that Shipley's conduct in the North Carolina conviction qualified as first degree burglary in California and therefore constituted a felony strike.  Other than repeating his assertions from the petition, Shipley offers no compelling argument in his traverse to persuade this court otherwise.

The California Court of Appeal's rejection of Shipley's due process claim alleging insufficient evidence was not contrary to, or an unreasonable application of, clearly established federal law.  Accordingly, Shipley is not entitled to habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.  A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
Shipley may seek a certificate of appealability from the Ninth Circuit Court of Appeals.  The
clerk shall enter judgment in favor of respondent, and close the file.

      IT IS SO ORDERED.

DATED: January 17, 2014

                                    SUSAN ILLSTON
                            United States District Judge